UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:13-CR-764-2 |
| § | |
| MARIO ENRIQUE DE LA FUENTE § | |

## FINDINGS AND RECOMMENDATION
## ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On January 16, 2014, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Counts One & Two of the indictment pursuant to a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

    1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

    2.    The defendant was advised that Count One charged a violation of Title 21, United States Code, Section 846 which makes it unlawful for a person to knowingly and intentionally conspire and agree with other persons to possess with the intent to distribute a controlled substance. The defendant was further advised that the indictment alleged a

conspiracy involving more than five (5) kilograms of cocaine, a Schedule II, controlled substance.  The defendant was further advised that Count Two charged a violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h), which make it unlawful for a person to knowingly and intentionally conspire to conduct financial transactions affecting interstate and foreign commerce, knowing that that the transactions involved the proceeds of illegal narcotics trafficking and knowing that the transactions were designed to conceal or disguise the source, ownership and control of the proceeds.

3. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, and the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to testify in the defendant's behalf or to remain silent.  The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4. The defendant was instructed the elements of Count One are: (1) That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute a controlled substance; (2) That the defendant knew of the unlawful purpose of the agreement; (3) That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and (4) that the overall scope of the conspiracy involved more than five (5) kilograms of cocaine.  The defendant was advised that the elements of Count Two are: (1) that two or more persons, directly or indirectly, reached an agreement to launder monetary instruments; (2) That the defendant knew of the unlawful purpose of the agreement; and (3) That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.  The government need not prove an overt act in furtherance of the conspiracy.  *Whitfield v. United States*, 543 U.S. 209, 219, (2005).  Additionally, while a charge need not include the elements of the substantive offense in a money laundering case,[1] the defendant was admonished of the elements of the substantive money laundering offense to ensure he understood the nature of the charge.

5. The defendant was advised that the penalty range for Count One included a mandatory minimum 10 year period of imprisonment and a maximum period of imprisonment for life, without probation, parole or a suspended sentence, a fine not to

---

[1] *United States v. Threadgill*, 172 F.3d 357, 367 (5th Cir.1999).

exceed $10 million, at least 5 years of supervised release that could last the rest of his life and a $100 special assessment. The defendant was further advised that the penalty range for Count Two included a maximum term of imprisonment of up to 20 years, a fine not to exceed $500,000 or twice the value of the property involved in the transaction, or both, not more than 3 years of supervised release and a $100 special assessment.

The defendant was also advised that that any violation of supervised release on Count One could result in an additional prison term of up to 5 years and up to 2 years on Count Two.

The defendant also was advised that even if he received the maximum sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to the maximum sentence again. The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

7. The defendant was advised that his written plea agreement with the United States included a promise that the United States would recommend maximum credit for acceptance of responsibility and a sentence within the applicable guideline range as decided by the District Court. If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. §5K1. The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

8. The defendant was further advised that the plea agreement contained a waiver of his right to appeal and to file any petitions collaterally challenging his conviction. The defendant stated that he had discussed the appeal waiver with his attorney and he understood that he was knowingly waiving his right to appeal the

conviction and sentencing decision of the District Court to a higher court unless the District Court *sua sponte* departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that he was knowingly waiving his right to file a petition collaterally challenging his conviction. The defendant further stated that he was asking the District Court to accept the plea agreement with the waiver of his appellate rights.

9. The defendant was advised that a conviction of these offenses would cause him to lose certain rights he has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the defendant stated that he understood and had discussed these matters with his attorney.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charges, the maximum possible penalties, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to conspiracy to possess with the intent to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) as alleged in Count One of the Indictment. The defendant also pleaded guilty to conspiracy to launder money in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h) as alleged in Count Two. The government made a lengthy proffer of the evidence. The defendant agreed with the substance of the proffer to the extent it related to his role in the conspiracy as it related to Counts One and Two of the indictment. Further, the defendant admitted to his role in the conspiracy and he

admitted to the elements of the offenses charged in Counts One and Two of the indictment.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in the indictment.  It is further recommended, that the District Court grant, upon submission, the government's unopposed motion for an order forfeiting to the United States the subject property listed in the indictment.

Respectfully submitted this 17th day of January, 2014.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*